

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 23, 1957

Honorable D. C. Greer
Texas Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. WW-200

RE: Date on which the
provisions of Senate
Bill 268, 55th Leg-
islature, became
or will become
effective.

Dear Mr. Greer:

In your letter of June 21, 1957, you requested
the opinion of this office on the following question:

On what date did the provisions of
Senate Bill 268 of the 55th Legislature
become effective, or upon what date will
such bill become effective?

As stated in your letter, Senate Bill 268, as
passed by the 55th Legislature, authorizes the operation
of certain vehicles on the highways and roads of this
State "whose total gross weight shall not exceed fifty-
eight thousand (58,000) pounds, . . ."

Section 3 of Senate Bill No. 268 contained the
usual emergency clause, and we are advised that it
received sufficient votes in both the House and the
Senate to make it effective immediately upon signing
by the Governor. The Bill was in fact signed by the
Governor on May 7, 1957.

Within the body of the Act, as a part of the
repealer clause, the following language is found in
Section 2:

". . . this Act shall not be effec-
tive as long as it prevents the receipt
of Federal Aid Funds provided for in the
Federal Aid Highway Act of 1956, Title I
of Act, June 29, 1956."

Subsection (j), Section 108, of the Federal Aid Highway
Act of 1956, provides:

"No funds authorized to be appropriated

for any fiscal year by this Section shall
be apportioned to any State within the
boundaries of which the interstate System
may lawfully be used by vehicles with
weight in excess of eighteen thousand
pounds carried on any one axle . . ."

The question to be decided, then, is whether,
under this Act, vehicles with weight in excess of
18,000 pounds carried on any one axle will be permitted
in Texas. Under Article 827a Section 5 subsection (c)
has provided that no axle shall carry a load in excess
of 18,000 on low pressure tires.

Under the provisions of the new Section 5a as
set out in Section 1 of Senate Bill 268, it is provided
that it shall be lawful to operate motor vehicles
whose total gross weight shall not exceed 58,000 pounds

"where such vehicles comply with all other
provisions of law excepting only as to
their total gross weight and the limita-
tions of weight on axle or groups of axles."

The effect of the above quoted portion of new
Section 5a is to repeal the above mentioned provisions
which under the present law limits the axle load to
18,000 pounds, and will permit a load in excess of
that weight.

Under the provisions of Section 2 of said
Senate Bill 268, it is provided said Act

"shall not be effective as long as it
prevents the receipt of Federal Aid
Funds provided for in the Federal Aid
Highway Act of 1956, Title I of Act,
June 29, 1956."

In view of the fact that new Section 5a of
Senate Bill 268 authorizes an axle load limit in excess
of 18,000 pounds, it would prevent the receipt of
Federal Funds as above provided, and said Act has,
therefore, never become effective.

Since under the terms of the Act, itself, it
has never become effective, it is not necessary for
us to pass on the constitutionality of the Act which
raises the question as to whether there is a delegation
of authority to Congress by the Texas Legislature to

enact or suspend a law.

## SUMMARY

The provisions of Senate Bill 268, 55th Legislature, have never become effective. Said Act, therefore, does not have the effect of changing the laws of Texas with reference to the weight allowed vehicles on public highways.

Very truly yours,

WILL WILSON
Attorney General of Texas

By B. H. Timmins, Jr.
B. H. Timmins, Jr.
Assistant

BHT:pf

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman
W. R. Hemphill
Wayland C. Rivers, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY: Geo. P. Blackburn